UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**WADELL BRADSHAW,**   CASE NO.: 7:14-cv-180(HL)

    **Plaintiff,**

vs.

**McDONALD'S CORP.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, WADELL BRADSHAW, hereby sues Defendant, McDONALD'S CORP., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a. This is also an action brought under state common law. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

2. Demand is made herein for an amount in excess of Seventy Five Thousand Dollars ($75,000.00). Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, WADELL BRADSHAW, has been a resident of the Thomasville, Thomas County, Georgia and was employed by Defendant. Plaintiff is a member of a protected class due to his gender, male and the fact that he opposed illegal

employment actions affecting him and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, McDONALD'S, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Defendant on or around September 11, 2012. He performed his job duties satisfactorily and with no disciplinary action until his supervisor, Crystal Myles (female), began to make sexual advances towards Plaintiff.

7. Myles made it very clear that she wanted a sexual/dating type relationship with Plaintiff. She even went so far as to show Plaintiff a tattoo on her lower back and in her pubic area.

8. Plaintiff explained to Myles that he was in a relationship and not interested in anything romantic.

9. Myles then told Plaintiff that he was up for a raise. Plaintiff felt that the promise of the raise was to convince him to have a relationship with Myles. Plaintiff expressed this concern to Myles who then told him that the raise was off the table. A few days later, Plaintiff was terminated on contrived allegations initiated by Myles.

10. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under 42

U.S.C. §1981a and 42 U.S.C. §2000e et seq..

## COUNT I
## GENDER DISCRIMINATION

11. Paragraphs 1-10 are re-alleged and incorporated herein by reference.

12. This is an action against Defendant for gender discrimination.

13. Defendant has taken action and allowed action to be taken against Plaintiff because he is a male. During Plaintiff's employment with Defendant, he was the victim of sexual harassment and disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem with Myles. Then after notice of sexual harassment and other forms of discrimination described more fully herein, Defendant delayed in taking action against Myles and caused additional harassment and harm to Plaintiff including without limitation his termination.

14. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. The events set forth herein led, at least in part, to Plaintiff's termination.

15. Defendant knowingly condoned and ratified the discrimination set forth above. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and he was terminated due at least in part to his gender.

16. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the federal laws applicable to this action.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff

has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages and injunctive/equitable relief.

## COUNT II
## RETALIATION

18. Paragraphs 1-10 are hereby re-alleged and reincorporated as if set forth in full herein.

19. Defendant is an employer as that term is used under the applicable statutes referenced above.

20. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under42 U.S.C. §1981 and 42 U.S.C § 2000e *et seq*., Title I of the Civil Rights Act of 1991.

21. The foregoing unlawful actions by Defendant were purposeful.

22. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's termination.

23. Plaintiff is a member of a protected class because he opposed unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between opposing the unlawful employment practices and the adverse employment action taken thereafter.

24. As a direct and proximate result of the foregoing unlawful acts and omissions,

Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 3rd day of November, 2014.

Respectfully submitted,

/s/ James Garrity
James Garrity (GBN 121837)
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF